DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIAM ALEXANDER MCNAUGHTON, III,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-2458

[August 2, 2023]

Appeal from the County Court for the Nineteenth Judicial Circuit, Indian River County; Nicole Menz, Judge; L.T. Case No. 312022MM000917A.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Senior Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant William McNaughton, III appeals the judgment and sentence entered after his no contest plea. Appellate counsel filed an *Anders*[1] brief, claiming no basis to challenge the judgment or sentence, but arguing the trial court erred in imposing several costs at Appellant's sentencing. We affirm the judgment and sentence without discussion. However, as discussed below, we agree that the trial court erred with respect to the imposition of $25.00 for investigative costs and $100.00 for prosecution costs and thus reverse and remand with instructions. As to other costs and fees imposed by the court, the State sufficiently identified those costs, which are affirmed without discussion. *See Harris v. State,* 348 So. 3d 1 (Fla. 4th DCA 2022).

**Background**

Appellant entered a no contest plea to one count of misdemeanor battery. In the plea agreement, Appellant agreed to pay a $100.00 public

---

[1] *Anders v. California,* 386 U.S. 738 (1967).

defender fee and a $53.50 public defender application fee.  The State did not request any additional fees or costs.

At sentencing, after accepting Appellant's plea and adjudicating him guilty, the trial court further ordered Appellant to pay $25.00 in investigative costs and $100.00 in prosecution costs.

Appellant then moved under Florida Rule of Criminal Procedure 3.800(b)(2) to correct his sentence, arguing that the trial court erred in assessing these costs.  He argued that investigative costs under section 938.27(1), Florida Statutes (2022), should not have been imposed because the investigating agency did not request those costs.  Additionally, he argued that prosecution costs under section 938.27(8), Florida Statutes (2022), should have only been $50.00 because the State did not offer any proof to justify a greater amount.

We deem the motion denied because the trial court did not enter a ruling within sixty days.  *See* Fla. R. Crim. P. 3.800(b)(2)(B).  This timely appeal follows.

## Analysis

On appeal, Appellant contends the trial court erred in (1) imposing investigative costs and (2) assessing prosecution costs for an amount greater than the $50.00 statutory minimum.  *See* § 938.27(1), (8), Fla. Stat.  Appellant requests that we remand with instructions to strike the investigative costs and reduce the prosecution costs to the statutory minimum.  He also argues that, on remand, the State cannot request investigative costs or additional prosecution costs.  We review a motion to correct sentencing error *de novo*.  *Guadagno v. State*, 291 So. 3d 962, 962 (Fla. 4th DCA 2020).

As to investigative costs, our supreme court has held that investigative costs cannot be imposed where the State fails to request such costs before the judgment.  *See Richards v. State*, 288 So. 3d 574, 577 (Fla. 2020).  In that instance, the State is not entitled to a second opportunity to request investigative costs on remand because section 938.27(1), Florida Statutes (2022), requires that the request be made before judgment is entered. *Richards*, 288 So. 3d at 576–77; *see also Desrosiers v. State*, 286 So. 3d 297, 300 (Fla. 4th DCA 2019).  Here, the State did not request investigative costs prior to judgment.  We therefore reverse and remand with instructions to strike the investigative costs.  Under *Richards*, the State cannot request investigative costs on remand.

2

Turning to prosecution costs, we have explained that reversal of prosecution costs above the statutory minimum (here, $50.00) is warranted when the State fails to request a higher amount. *Bartolone v. State*, 327 So. 3d 331, 336 (Fla. 4th DCA 2021). However, even post-*Richards*, when courts have imposed additional prosecution costs without request, we have remanded with instructions to either impose the statutory minimum "*or to impose additional costs if sufficient findings are made.*" *Id.* (quoting *Guadagno*, 291 So. 3d at 963); *e.g.*, *Rivera v. State*, 336 So. 3d 738, 741 (Fla. 4th DCA 2022) (remanding for the trial court to either impose the minimum prosecution cost or order additional costs based on sufficient findings where the State "did not seek or prove" a higher amount before judgment); *Matos v. State*, 359 So. 3d 794, 798 (Fla. 4th DCA 2023) (same).

In some cases, when the State has conceded error, we have remanded for imposition of the statutory minimum without qualification. *See, e.g.*, *Enrriquez v. State*, 361 So. 3d 872, 873 n.1 (Fla. 4th DCA 2023) (instructing trial court to reduce prosecution costs to the statutory minimum, in part, because the State "did not request additional prosecution costs" but noting that the State "[did] not seek to present further evidence on remand for costs of prosecution"); *Johnson v. State*, 354 So. 3d 547, 549 (Fla. 4th DCA 2023). We distinguish the present case because the State has not confessed error.

We therefore reverse the $100.00 in prosecution costs and remand for the trial court to impose $50.00 in prosecution costs in accordance with section 938.27(8), Florida Statutes (2022), or to impose additional costs if sufficient findings are made.

## Conclusion

We affirm the judgment and sentence, except for the two costs errors discussed above. In accordance with *Richards*, we strike the $25.00 investigative cost, and the State is precluded from seeking this cost on remand. Consistent with our own precedent after *Richards*, we reverse the $100.00 prosecution cost and instruct the trial court to impose a $50.00 prosecution cost unless the State seeks and proves a greater amount. *Rivera*, 336 So. 3d at 741.

*Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.*

CIKLIN and LEVINE, JJ., concur.

\*　　　\*　　　\*

*Not final until disposition of timely filed motion for rehearing.*